**Siamak Obed ABEDKHORASANI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73457.

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2011.[*]

Filed June 1, 2011.

Siamak Obed Abedkhorasani, Irvine, CA, pro se.

OIL, Andrew Jacob Oliveira, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Siamak Obed Abedkhorasani, a native and citizen of Iran, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). We grant the petition for review and we remand.

Substantial evidence does not support the agency's adverse credibility determination, because the agency either wrongly concluded statements were inconsistent, *see Tekle v. Mukasey*, 533 F.3d 1044, 1054–55 (9th Cir.2008) (adverse credibility finding not supported where testimony was internally consistent); *Morgan v. Mukasey*, 529 F.3d 1202, 1209 (9th Cir.2008) (no inconsistency between application and testimony), or relied upon perceived inconsistencies without providing Abedkhorasani an opportunity to explain, *see Soto–Olarte v. Holder*, 555 F.3d 1089, 1091–92 (9th Cir.2009) (petitioner must be given an opportunity to explain perceived inconsistencies).

Accordingly, we grant the petition with respect to Abedkhorasani's asylum, withholding of removal, and CAT claims, and remand to the BIA, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Soto–Olarte*, 555 F.3d at 1095–96.

In light of our above conclusions, we need not reach Abedkhorasani's challenge to the denial of his motion to remand.

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.